## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### *THE MARK LAW FIRM, LLC*
675 Morris Avenue, Suite 300
Springfield, New Jersey 07081
T: (973) 845-6606 (Main)
Jamison M. Mark, Esq. (042392000)
jmark@newjerseyattorneys.com
Kristofer P. Guldner, Esq. (336832021)
kguldner@newjerseyattorneys.com
*Attorneys for Plaintiff Bryan Oliveros*

| | |
|---|---|
| **BRYAN OLIVEROS, JOHN & JANE DOES 1-50**, *and similarly situated individuals,*<br><br>Plaintiffs,<br><br>v.<br><br>**BEI ENGINEERING, REGINALD BEAUHARNAIS, LUCAS CUELLAR,**<br><br>Defendants. | FLSA COLLECTIVE ACTION<br><br>CIVIL ACTION NO.<br><br>**COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

Bryan Oliveros, by and through his attorneys, The Mark Law Firm, LLC, by way of this Complaint against Defendants BEI Engineering, Reginald Beauharnais, and Lucas Cuellar (collectively "Defendants") does hereby complain and allege as follows:

### PRELIMINARY STATEMENT

1.      This is a civil action brought by Plaintiff and all similarly situation employees to recover unpaid straight and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-1 et seq. Plaintiff and the collective class worked, or currently work, as non-exempted employees at Defendant BEI Engineering.

2.      Defendant Owner and President of BEI Engineering, Reginald Beauharnais, controls BEI Engineering, a bridge engineering and inspection service for commercial purposes.

3.      Defendant BEI Engineering employs and employed several employees, whose names are unknown and were similarly situation in their performance and working location.

4.      Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt employees of Defendant BEI who elect to opt-in to this action pursuant to the F.L.S.A. 29 U.S.C. § 201 et. seq., and specifically, the collection action provision of 29 USC § 216(b), to remedy violations of the wage and hour provisions of the F.L.S.A. and New Jersey Wage and Hour laws that occurred at BEI Engineering.

5.      Plaintiff and the F.L.S.A. collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for Defendants' failure to pay straight and overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the F.L.S.A and New Jersey Wage and Hour laws.

6.      By reasons of the said intentional, willful and unlawful acts of Defendants who were at all times aware of their unlawful underpayment and nonpayment, Plaintiff and those similarly situated employees have suffered damages plus, incurring costs and reasonable attorney's fees.

7.      Because the Defendants' violations of the F.L.S.A. have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## JURISDICTION & VENUE

8.      This Court has jurisdiction of Plaintiff's federal claims pursuant to 29 U.S.C. § 201, et seq., 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant transacts business in New Jersey, Plaintiff was employed by the Defendant in New Jersey, and the actions complained of occurred within New Jersey.

## PARTIES

10.     Plaintiff **BRYAN OLIVEROS** (hereinafter "Mr. Oliveros") is a former employee of Defendant **BEI ENGINEERING**. Mr. Oliveros is a citizen of the Town of Clifton, in the County of Passaic, State of New Jersey.

11.     Plaintiff **JOHN and JANE DOES 1-50** are individuals who are currently unknown but during all times relevant, were employees or workers of Defendant **BEI ENGINEERING** who were to be paid straight wages and overtime wages for time worked over 40 hours in one week, but were denied same.

12.     Defendant **BEI ENGINEERING** (hereinafter "Defendant BEI" or "the company") is an LLC with a business address and operating at 82 Midland Avenue, in Saddle Brook, New Jersey and was at all relevant times Plaintiff's employer.

13.     Defendant **REGINALD BEAUHARNAIS** (hereinafter "Defendant Beauharnais") was at all relevant times the owner of Defendant **BEI ENGINEERING**, and is being sued in his individual capacity as the owner, officer, president, and agent of Defendant BEI Engineering, and exercised and continues to exercise control over Defendant BEI Engineering, to be considered an employer under the F.L.S.A. At all times, Defendant Beauharnais had authority and control over Plaintiff and/or engaged in unlawful conduct by failing to pay Mr. Oliveros his lawfully owed straight and overtime wages, thereby resulting in Defendants' unjust enrichment. Defendant Beauharnais is a citizen of Saddle Brook, County of Bergen, State of New Jersey.

14.    Defendant **LUCAS CUELLAR** (hereinafter "Defendant Cuellar") was at all relevant times the General Manager of Defendant **BEI ENGINEERING**, was Plaintiff's direct supervisor, had authority and control over Plaintiff and/or engaged in unlawful conduct by failing to pay Mr. Oliveros his lawfully owed straight and overtime wages, thereby resulting in Defendants' unjust enrichment. Defendant Cuellar is a citizen of Saddle Brook, County of Bergen, State of New Jersey

**NEW JERSEY STATE WAGE AND HOUR LAW**

15.    The New Jersey State Wage and Hour Law (N.J.S.A. § 34:11-56a et seq.) establishes the minimum hourly wage to be paid to certain employees working in New Jersey, as well the circumstances under which such employees are entitled to be paid overtime wages. See N.J.S.A. § 34:11-56a4.

**COLLECTIVE ACTION ALLEGATIONS**

16.    The claims in this Complaint arise out of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a et seq., and are brought by Plaintiff on behalf of himself and other similarly situation persons who are current and former employees of Defendant BEI since the date three years prior to the filing of this Complaint who elect to opt-in to this action (The "FLSA Collective.")

17.    The FLSA Collective consists of an unknown number of similarly situated current and former employees who have been victims of Defendants' common policy and practice of willfully denying their straight and overtime wages, violating their rights under the F.L.S.A.

18.    As part of its regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy

of violating the F.L.S.A and New Jersey Wage and Hour laws. This policy and/or polices include, inter alia, the following:

- Failing to keep accurate records of hours worked by employees as required by the FLSA;

- Failing to pay non-exempt employees for all hours worked (e.g. allowing employees to work "off the clock"); and/or

- Failing to pay or miscalculating overtime for non-exempt employees.

19.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees legal compensation. Defendants unlawful conduct has been intentional, willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective.

20.    The positions of the FLSA Collective are not exempt positions and have never been exempt. Defendants failed to compensate the FLSA Collective for legally owed straight and overtime hours worked. The exact accounting of such discrepancy can only be determined through discovery.

## FACTS RELATIVE TO ACCUSATIONS

21.    Plaintiff Bryan Oliveros was hired by Defendant BEI Engineering in or about 2015 as a helper.

22.    Defendant Beauharnais, the owner of Defendant BEI Engineering, personally hired Mr. Oliveros. Defendant Beauharnais was not Mr. Oliveros' direct supervisor, but still retained authority and control over his employment as owner.

23.    At all relevant times, Mr. Oliveros' direct supervisor was Defendant Lucas Cuellar.

24.    Mr. Oliveros was a dedicated employee having been promoted multiple times during his 7-year employment with Defendant BEI, including a promotion to Team Lead in or about 2016.

25.    Since being hired in 2015, Mr. Oliveros regularly worked more than 40 hours per week, and regularly worked double shifts which averaged approximately 60 hours per week.

26.    Despite regularly working approximately 60 hours per week, Defendants declined to compensate Mr. Oliveros at a rate of time and a half for all overtime hours he worked.

27.    At all relevant times, Mr. Oliveros was a non-exempt employee and entitled to overtime pay.

28.    At the time of his wrongful termination on June 30, 2022, Mr. Oliveros was making $125 per day or approximately $18.63 per hour. Therefore, Mr. Oliveros' overtime rate would be approximately $27.95 per hour.

29.    Mr. Oliveros was not obligated to use a time sheet to record his hours worked, nor did Defendants keep such time records.

30.    Following a work accident in 2016, Mr. Oliveros observed Defendant Beauharnais treating him differently.

31.    For example:

- Defendant Beauharnais often singled out Mr. Oliveros during group meetings and blamed Mr. Oliveros for his (Defendant Beauharnais') refusal to accurately pay other BEI's employees' wages.

- Defendant Beauharnais blamed Mr. Oliveros for issues that arose beyond his control, such as failing to purchase gasoline during the night when all gas stations were closed.

- Defendant Beauharnais claimed that Mr. Oliveros, by virtue of being Team Lead, was responsible for Defendant Beauharnais' failure to accurately pay his team.

- Defendant Beauharnais followed Mr. Oliveros in a separate vehicle while Mr. Oliveros was driving his routes. Defendant Beauharnais did not follow any other employees on routes.

- On multiple occasions, Defendant Beauharnais told Mr. Oliveros and other BEI employees that "If [Defendant Beauharnais] does not get paid, none of you do".

32.    Mr. Oliveros verbally complained and objected to Defendant Beauharnais and Defendant Cuellar, Mr. Oliveros' direct supervisor, about their failure to accurately pay Mr. Oliveros' wages on at least ten (10) separate occasions. No corrective action was ever taken, however, and Mr. Oliveros was never paid his legally owed wages.

33.    There are many other occasions where Mr. Oliveros and other BEI employees were not paid for hours worked. For example, in or about the Fall of 2021, Defendant Beauharnais did not pay Mr. Oliveros or Mr. Oliveros' entire team for one whole week of work. Defendant Beauharnais justified this decision because a single overhead light was not fixed on a job.

34.    Defendant Beauharnais leveraged alleged "poor performance" as an illegal reason to withhold pay from BEI employees. Thereafter, in an effort to turn other BEI employees against Mr. Oliveros, Defendant Beauharnais again advised Mr. Oliveros' team that Mr. Oliveros was to blame for the fact they would not be paid that week. This was blatantly false.

35.    "Poor performance" is not a legal reason to refuse paying legally owed wages.

36.    During a job on the Belt Parkway in May of 2022, Mr. Oliveros refused to operate a truck in dangerous conditions.  As a result, Defendant BEI unlawfully deducted half a day's pay from Mr. Oliveros.

37.    In response, Mr. Oliveros again complained and objected to Defendants' unlawful deductions and refusal to pay Mr. Oliveros for overtime owed to him. On June 20, 2022, Mr.

Oliveros requested a meeting between himself, Defendant Cuellar and Defendant Beauharnais to address these ongoing illegal issues.

38.     From June 20 through July 7, 2022, Mr. Oliveros texted both Defendant Cuellar and Defendant Beauharnais requesting a meeting on at least six (6) different occasions. To date, Mr. Oliveros has not been given an opportunity to meet with Defendants.

39.     At all times, Defendants were aware that straight and overtime wages were owed to Mr. Oliveros. When Defendant Cuellar took steps to pay Defendant BEI's employees accordingly, such as handing out weekly checks, Defendant Beauharnais intervened and refused Defendant Cuellar's attempts to legally pay the employees.

40.     Instead of paying Defendant BEI's employees accordingly, Defendant Beauharnais took the checks right out of Defendant Cuellar's hands and stated that employees would not be paid for that week due to "poor performance." Again, "poor performance" is not a legal reason to refuse paying legally owed wages.

41.     Other Defendant BEI employees, such as Jeffrey Ortega and Alfredo Suarez, among others, also complained to Defendant Cuellar and objected to Defendants' unlawful practices. Unfortunately, however, the company never attempted to address these employee's complaints/objections either.

42.     Upon information and belief, many of Defendant BEI's employees are illegal workers or those who have a criminal record, which Defendants have leveraged to intimidate these employees. For example, Defendant Beauharnais regularly intimidated and threatened certain employees that he would "Take down anyone!" who came after the company or Defendant Beauharnais' family's money.

43.     As a result of Mr. Oliveros not being paid legally owed straight time wages and/or overtime wages, in May of 2022, Mr. Oliveros again complained and objected to Defendants' willful illegal acts. Mr. Oliveros also objected to continue working for the company under such conditions. Mr. Oliveros informed Defendant Beauharnais that he would return to work once these illegal practices were addressed and corrected, including compensation for back pay Mr. Oliveros and others had not received.

44.     Next, in or around June of 2022, Mr. Oliveros again made a request to speak with Defendant Beauharnais or Defendant Cuellar about the company not properly paying his wages and overtime. Despite his request, neither agreed to speak to Mr. Oliveros.

45.     On June 16, 2022, Mr. Oliveros followed up with Defendant Cuellar and inquired if the company was going to correct its illegal practice of not paying its employees, but also if Defendant BEI will pay all unpaid back pay and overtime wages Mr. Oliveros was legally owed.

46.     Defendant Cuellar advised Mr. Oliveros that he will convey this request to Defendant Beauharnais.  To this date, Mr. Oliveros never received any communication to discuss his complaints or overdue wages.

47.     On June 24, 2022, Mr. Oliveros again followed up this conversation, this time with both Defendant Beauharnais and Defendant Cuellar. Mr. Oliveros reiterated his request for a meeting and conditional return to employment at the company. At this point, however, both Defendant Beauharnais and Defendant Cuellar refused to communicate with Mr. Oliveros.

48.     Mr. Oliveros continued to reach out to Defendant Beauharnais via text for several weeks, however, Defendant Beauharnais refused to arrange a meeting for this issue, and declined to return Mr. Oliveros to work, thereby terminating his employment.

## COUNT I

*Violation of Fair Labor Standards Act (FLSA) –*
*(29 U.S.C. § 201, et seq.)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

49.     Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-48 as if fully set forth herein.

50.     At all times relevant, Plaintiff and the FLSA Collective are an "employee" as that term is defined by 29 U.S.C. §203 (e) and have been non-exempt employees under the terms of the Fair Labor Standards Act.

51.     Defendants BEI and Beauharnais alone determined Plaintiff's rate and method of wage compensation, and at all times relevant are an "employer" as that term is defined by 29 U.S.C. §203 (d) of the Fair Labor Standards Act.

52.     During his employment with Defendant BEI Engineering from at least 2016 until his termination on June 30, 2022, Plaintiff worked straight and overtime hours for which he was entitled to receive pay but was not paid, including hours which exceeded forty hours in a week. Plaintiff was never paid at an overtime rate for those hours worked in excess of forty hours in one week. Instead, Plaintiff was always paid a flat rate of $125 per day, regardless of the amount of hours worked.

53.     Section 207(a) 1 of the F.L.S.A. requires an employer to pay its employees at the rate of the least 1 1/2 times their regular rate for all hours worked in excess of 40 hours in one week. This rate is commonly known as time and a half pay for overtime work.

54.     At all relevant times, Plaintiff, as an employee, and Defendant BEI, as his employer, were subject to the provisions of the Fair Labor Standards Act. During the period of

time that Defendants employed Plaintiff, it was required to compensate him for all hours worked beyond 40 hours in one workweek at a rate of time and a half.

54. Defendants willfully, deliberately and intentionally failed on multiple occasions from at least 2016 through 2022 to pay Plaintiff for hours actually worked and on other occasions failed to pay Plaintiff for time worked over forty hours in a week at the overtime rate of time and a half. Specifically, Defendants Beauharnais and Cuellar repeatedly deducted Plaintiff's pay without reason or notice, failed to compensate Plaintiff for regular hours worked, and forced Plaintiff to work overtime hours without compensation. Defendants also purposefully failed to keep time sheets and records as required by law, and never recorded Plaintiff's overtime hours to ensure that whatever records they have falsely demonstrated that Plaintiff did not work overtime in any given week, when in fact he regularly worked as many as 60 hours per week.

56. As a result of Defendants' failure to properly compensate Plaintiff in compliance with the requirements of the FLSA, Plaintiff has suffered damages in the form of loss of wages, commissions, and other compensation he contracted for to which he was entitled, along with associated benefits.

## **COUNT II**

*Violation of the New Jersey State Wage and Hour Law – Failure to Pay Straight Time Wages*
*(N.J.S.A. § 34:11-56a et seq.)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

57. Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-56 as if fully set forth herein.

58. Plaintiff and those similarly situated employees, are employees to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, and as action, seek payment of unpaid yet owed regular wages. See N.J.S.A. § 34:11-56a25.

59.     Plaintiff is an employee to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(h).

60.     The Defendants are employers within the meaning of the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(g).

61.     As outlined above, Defendants acted willfully, negligently, and/or fraudulently in providing Plaintiff with incorrect straight time pay and withholding wages altogether.

62.     Plaintiff notified Defendants of the Company's failure to accurately compensate Plaintiff for payment of his regular wages. Despite Plaintiff's notice to the Company, the violations continued, and Defendants refused to pay Mr. Oliveros wages legally owed to him.

63.     Defendants failed to pay Plaintiff his full regular wages within the time mandated by the New Jersey Wage and Hour Law.

64.     Defendants willfully failed to pay Plaintiff the correct amounts of wages earned including overtime, within the time limits prescribed by the New Jersey State Wage and Hour Law.

65.     The willful indifference and actual participation of Defendants creates liability against the company, and its owner, Defendant Beauharnais, for their illegal concerted actions due to the malice and reckless indifference to Plaintiff and the similarly situated employees' protected rights, and contrary to public policy. N.J.S.A. § 34:11-56a3.

66.     Defendant Beauharnais is also individually and personally liable for damages under this Count pursuant to N.J.S.A. § 34:11-4.1.

67.     Plaintiff, and those similarly situated employees, are entitled to 200% in of the amount of the unpaid wages lost due to the unlawful taking and due to Defendants intentional and

malicious conduct, as liquidated damages, plus costs and reasonable attorney's fees.   See N.J.S.A. § 34:11-56a25.

68.     As a result of the Defendants' intentional and outrageous actions of failing to pay Plaintiff his legally owed straight wages, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

## COUNT III

*Violation of the New Jersey State Wage and Hour Law – Failure to Pay Overtime*
*(N.J.S.A. § 34:11-56a4(b(1)) et seq.)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

69.     Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-68 as if fully set forth herein.

70.     Plaintiff and those similarly situated employees, are employees to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, and as action, seek payment of unpaid but owed overtime wages.  See N.J.S.A. § 34:11-56a25.

71.     Plaintiff is a party to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(h).

72.     The Defendants are employers within the meaning of the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(g).

73.     Plaintiff notified Defendant of the Company's refusal to make timely payment of his overtime wages. Despite Plaintiff's notice to the Company, the violations continued, and Defendants refused to pay Mr. Oliveros the overtime wages due to him.

74.     Defendants failed to pay Plaintiff his full wages within the time mandated by the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4(b(1)), by paying failing to pay Plaintiff,

a non-exempt employee working more than 40 hours in any workweek, at a rate of 1.5 times the employee's regular hourly wage.

75.     The willful indifference and actual participation of Defendants creates liability against the company, and its owner, Defendant Beauharnais, for their illegal concerted actions due to the malice and reckless indifference to Plaintiff and the similarly situated employees' protected rights, and contrary to public policy. N.J.S.A. § 34:11-56a3.

76.     Defendant Beauharnais is also individually and personally liable for damages under this Count pursuant to N.J.S.A. § 34:11-4.1.

77.     Plaintiff, and those similarly situated employees, are entitled to 200% in of the amount of the unpaid wages lost due to the unlawful taking and due to Defendants intentional and malicious conduct, as liquidated damages, plus costs and reasonable attorney's fees.   See N.J.S.A. § 34:11-56a25.

78.     As a result of the Defendants' intentional and outrageous actions of failing to pay Plaintiff his legally owed overtime wages, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

## COUNT IV

*Violation of New Jersey Wage Payment Act – Time & Mode*
*(N.J.S.A. § 34:11-4.1, et seq.)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

79.     Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-78 as if fully set forth herein.

80.     As Defendants' non-exempt employees, Plaintiff, including all similarly situated employees, were entitled to the protections afforded under the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et. seq. for the payment of wages, benefits and other compensation.

81.     Defendants chose not to pay the full amount of wages due to Plaintiff under N.J.S.A. § 34:11-4.2, including but not limited to:

- Deducting employee's pay without notice or legal reason
- Failing to pay employees the applicable rate for all time worked;
- Failing to pay or miscalculating overtime for non-exempt employees; and/or
- Failing to pay non-exempt employees for all hours worked (e.g. allowing employees to work "off the clock").
- Failing to pay employees overtime beyond 40 hours worked in a week.

82.     The Defendants have improperly withheld Plaintiffs' wages, benefits, expenses and other compensation to the benefit of Defendants who were thereby unjustly enriched at Plaintiffs' expense, in violation of N.J.S.A. § 34:11-4.4.

83.     Defendant Beauharnais is also individually and personally liable for damages under this Count pursuant to N.J.S.A. § 34:11-4.1.

84.     The actions and inactions by Defendants proximately caused damage to Plaintiff in the form of loss of wages, commissions, and other compensation he contracted for to which he was entitled, along with associated benefits.

85.     Plaintiff, and those similarly situated employees, are entitled to 200% in of the amount of the unpaid wages lost due to the unlawful taking and due to Defendants intentional and malicious conduct, as liquidated damages, plus costs and reasonable attorney's fees. N.J.S.A. § 34:11-56a25.

86.     As a result of the Defendants' intentional and outrageous actions of failing to pay Plaintiff his legally owed straight and overtime wages as of the time they came due, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

## COUNT V

*Violation of the New Jersey State Wage and Hour Law - Wage Theft Act*
*(N.J.S.A. § 34:11-58, et seq.)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

87.    Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-86 as if fully set forth herein.

88.    Plaintiff is a party to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(h).

89.    The Defendants are employers within the meaning of the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1(g).

90.    Defendants knowingly failed to pay Plaintiff his full wages as same came due.

91.    Defendants knowingly and unlawfully deducted from, withheld and/or diverted Plaintiffs' wages without Plaintiff's authorization, as outlined hereinabove and in so doing, Defendants have thereby violated the provisions of The New Jersey Wage Theft Act, N.J.S.A. § 34:11-58.

92.    Defendants Beauharnais is also individually and personally liable for damages under this Count pursuant to N.J.S.A. § 34:11-4.1.

93.    Plaintiffs are entitled to 200% in of the amount of the unpaid wages lost due to the unlawful taking and due to Defendants intentional and malicious conduct, as liquidated damages, plus costs and reasonable attorney's fees. See N.J.S.A. § 34:11-58(b).

94.    As a result of the Defendants' intentional and outrageous actions of deducting Plaintiff's legally owed straight and overtime wages, Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

## COUNT VI

*Violation of New Jersey Wage & Hour Act – Wrongful Withholding of Wages*
*(N.J.S.A. § 34:11-4.3)*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

95.     Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-94 as if fully set forth herein.

96.     On several occasions before his termination and then after Plaintiff's wrongful and retaliatory termination from Defendant BEI Engineering, Plaintiff demanded payment from Defendants for straight and overtime wages, as well as unlawful deductions that were owed to him/

97.     Despite Plaintiff's request for all such payments, Defendants refused and continued their illegal treatment of Plaintiff by terminating him, and thereafter refusing to pay Plaintiff his legally owed straight and overtime wages, as well as unlawful deductions, within the time required, and therefore violated said provision of the Wage and Hour Act, N.J.S.A. § 34:11-4.3.

98.     Due to the intentional and malicious conduct of Defendants, Plaintiff is entitled to 200% in of the amount of the unpaid wages lost due to the retaliatory action as liquidated damages, plus costs and reasonable attorney's fees.   See N.J.S.A. § 34:11-4.10 and NJSA § 34:11- 56a25.

99.     As a result of the Defendants' intentional and outrageous actions of withholding Plaintiff's legally owed straight and overtime wages following his termination, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

## COUNT VII

*(Violation of Conscientious Employee Protection Act –*
*N.J.S.A. § 34:19-1, et seq.)*
*(For Plaintiff Bryan Oliveros Only, as Against All Defendants)*

100.    Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-99 as if fully set forth herein.

101.    During all times relevant to this cause of action, Defendant BEI was an "employer" as that term is defined by CEPA, N.J.S.A. § 34:19-2(a), and case law.

102.    During all times relevant to this cause of action, Plaintiff was an "employee" of Defendant BEI as that term is defined by CEPA, N.J.S.A. § 34:19-2(b), and case law.

103.    Plaintiff engaged in protected conduct as set forth in the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1, et seq., in that they objected to, threatened to disclose and/or refused to participate in conduct which they reasonably believed was (1) in violation of a law or regulation promulgated under law, and (2) in violation of a clear mandate of public policy affecting public health, safety or welfare.

104.    Plaintiff reasonably believed that Defendants had committed wage and hour violations pursuant to the F.L.S.A., New Jersey Wage and Hour Laws and New Jersey Wage Payment Act by their failure to pay his straight and overtime wages, and objected to said acts through complaints he publicly made to Defendants, pursuant to N.J.S.A. § 34:19-3c(1) and (2).

105.    Specifically:

- Mr. Oliveros verbally complained and objected to Defendant Beauharnais and Defendant Lucas Cuellar, Mr. Oliveros' direct supervisor, about their failure to accurately pay Mr. Oliveros' wages on at least ten (10) separate occasions.

- During a job on the Belt Parkway in May of 2022, Defendant BEI unlawfully deducted half a day's pay from Mr. Oliveros. In response, Mr. Oliveros again complained and objected to Defendants' unlawful deductions and refusal to pay Mr. Oliveros for overtime owed to him.

- Other employees, such as Jeffrey Ortega and Alfredo Suarez, among others, also complained to Defendant Cuellar and objected to Defendants' unlawful practices of not paying straight wages, overtime and unlawful deductions.

- In May of 2022, Mr. Oliveros complained and objected to Defendants' willful illegal acts of failing to pay his straight and overtime wages, and objected to continue working for the company under such conditions.

- Mr. Oliveros refused to partake in Defendants' illegal acts and informed Defendant Beauharnais that he would return to work once these illegal practices were addressed and corrected, including compensation for back pay Mr. Oliveros and others had not received.

106.    Plaintiff reasonably believed that Defendants' conduct was in violation of wage laws, rules and/or regulations of the State of New Jersey. N.J.S.A. § 34:19-3c(1) and (2).

107.    Plaintiff's complaints were made to both Defendants Beauharnais and Cuellar regarding these violations.

108.    Plaintiff's disclosures, complaints and/or objections submitted to Defendants are protected by CEPA, N.J.S.A. § 34:19-3c(1) and (2).

109.    As a result of the Plaintiff's complaints and/or objections to the above wage and hour violations, which complaints are a protected activity, Plaintiff was retaliated against in violation of CEPA, N.J.S.A. § 34:19-3.

110.    Specifically, Plaintiff was terminated by Defendants in retaliation for his complaints about Defendants' illegal conduct and intimidation, including but not limited to, Defendant Beauharnais threatening Plaintiff and other employees that Defendant Beauharnais would "Take down anyone" who came after him or Defendant Beauharnais' family's money.

111.    Defendants' conduct was in violation of CEPA, N.J.S.A. § 34:19-1, et. seq.

112.    Defendants engaged in, participated in, condoned, ratified, perpetuated, and/or aided and abetted the aforesaid CEPA violations.

113.    Plaintiff's termination is causally connected to his complaints regarding various violations of the New Jersey Wage and Hour Laws and New Jersey Wage Payment Act.

114.    Defendants' conduct and actions were malicious and/or undertaken with a wanton and willful disregard for Plaintiffs, and Plaintiffs are entitled to an award of Punitive Damages.

115.    As a result of the Defendants' intentional and outrageous actions of terminating Plaintiff for his complaints of Defendants' Wage and Hour violations, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

### COUNT VIII

*(Common Law Wrongful Discharge –*
*Pierce v. Ortho. Pharmaceutical, 84 N.J. 58 (1980))*
*(On behalf of Plaintiff and The Collective Against All Defendants)*

116.    Plaintiff hereby repeats and realleges each of the above-mentioned allegations in paragraphs 1-115 as if fully set forth herein.

117.    Defendants' conduct violated the clear mandate of public policy of terminating an employee for objecting to violations of law and illegal conduct.

118.    Defendants' discharge of Plaintiff violated the clear mandate of public policy of terminating an employee for objecting to or refusing to participate in illegal conduct such as when Plaintiff (a) complained and objected to Defendants failure to accurately pay Mr. Oliveros' straight and overtime wages, in violation of N.J.S.A. § 34:11-56a, on at least ten (10) separate occasions, (b) complained and objected to Defendants unlawful deductions of his legally owed waged in violation of N.J.S.A. § 34:11-4.1, and (c) refused to continue working with Defendants' illegal acts in violation of N.J.S.A. § 34:11-56a and N.J.S.A. § 34:11-4.1 and informed Defendants that he would return to work only once these illegal practices were addressed and corrected.

119.    As outlined above, Plaintiff complained and objected on numerous occasions to Defendants that they purposefully engaged in wage and hour violations, specifically violations of the New Jersey Wage and Hours Laws and Wage Payment Act.

120.    The illegal conduct of Defendants, as outlined hereinabove, is a clear violation of New Jersey Wage and Hour Laws and the New Jersey Wage Payment Act.

121.    As a result of Plaintiff's complaints regarding illegal conduct by Defendants, Plaintiff became the target of retaliation and intimidation, ultimately culminating with Plaintiff's termination on or about June 30, 2022.

122.    The above-described actions of Defendants constitute a wrongful discharge of Plaintiff's employment in violation of a clear mandate of public policy.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly, severally, and alternatively, for compensatory damages, with interest for all economic losses, including, but not limited to, wages, commissions, benefits and other compensation and special damages and post contract termination wages, commissions, termination bonuses, benefits and other compensation and special damages to which the Plaintiff was otherwise or would have been entitled including damages for loss of professional opportunities and other personal injury, and consequential damages, punitive damages, statutory damages, enhancement for tax liability, cost of suit, attorneys' fees and any other relief that the Court deems just.

> **THE MARK LAW FIRM, LLC**
> Attorneys for Plaintiff Bryan Oliveros

Dated: March 31, 2023                     _____

                                              Jamison M. Mark, Esq.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the Complaint.

## LOCAL CIV. RULE 11.2 CERTIFICATION

By signing below, counsel for Plaintiff Bryan Oliveros affirms that the within matter in controversy is not the subject of any action pending in any court or any other pending arbitration, and no longer the subject of any pending administrative proceeding but was the subject of dismissal therein.

*THE MARK LAW FIRM, LLC*
Attorneys for Plaintiff Bryan Oliveros

Dated: March 31, 2023

_____
Jamison M. Mark, Esq.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bryan Oliveros, John & Jane Does 1-50, and similarly situated individuals

**DEFENDANTS**

BEI Engineering, Reginald Beauharnais, Lucas Cuellar,

**(b)** County of Residence of First Listed Plaintiff  Passaic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

The Mark Law Firm, 675 Morris Avenue, Ste. 300
Springfield, NJ 07081

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☐ 2 | U.S. Government Defendant |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201; N.J.S.A 34:11-1

Brief description of cause:
Violation of wage and hourly provisions of the F.L.S.A and NJ Wage & Hour Laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
March 31, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____